IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK BRUNO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3926 |
| | § | |
| PRAIRIE VIEW A&M UNIVERSITY, | § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER

This employment case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 24] filed by Defendant Prairie View A&M University ("Prairie View"). Plaintiff Dr. Frank Bruno filed a Response [Doc. # 42], and Defendant filed a Reply [Doc. # 43]. The Court has reviewed the full record in this case. Based on this review, and the application of governing legal authorities, the Court concludes that genuine issues of material fact exist which preclude the entry of summary judgment on Plaintiff's retaliation claim.[1]

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a white male and Prairie View is a historically black university that is part of the Texas A&M University System. Plaintiff was hired in 2000 as the

---

[1] Plaintiff in his Response withdrew his race discrimination claim. See Response, p. 17. The claim will be dismissed as withdrawn and no amended complaint is required.

Director of Libraries at Prairie View. His supervisor, Dr. Joahanne Thomas-Smith, was Provost and Senior Vice President for Academic and Student Affairs. Dr. George Wright was Prairie View's President.

Plaintiff's evaluations for the 2001, 2002 and 2003 school years were positive overall, with no score below "good" and most scores being "excellent" or "very good." In his October 2003 evaluation, Thomas-Smith identified three areas where Plaintiff needed improvement. There was no indication, however, that there were any serious problems with Plaintiff's performance. In March 2004, Thomas-Smith approved and Plaintiff was given a 4% merit increase in his salary, an increase based on performance.

In May 2004, Bruno was deposed in connection with a lawsuit filed by another faculty member. During the deposition, attended by Thomas-Smith, Bruno testified that Thomas-Smith had referred to Bruno as a "pimp" and to his secretary as a "prostitute."

In late May 2004, Bruno met with Wright, the university President. Bruno testified in his deposition in this case that Wright showed Bruno a Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") by two university employees and stated that "any supervisor that lost him an EEOC complaint would be terminated." *See* Bruno Depo., Exh. 2 to Response, p. 37. Plaintiff testified in deposition that he complained to Wright during the May 2004 meeting about harassment and discrimination on the basis of his race. *See* Bruno

Depo., pp. 142-43. Plaintiff testified that Wright said he did not want to hear it and said Bruno was not a "first class person." *Id*. at 142.

On June 18, 2004, Plaintiff met with Thomas-Smith, who stated that an audit of the library conducted in 2003 indicated there were several management problems. Plaintiff claims that Thomas-Smith also criticized him for disciplining an employee in his department because the employee was Thomas-Smith's friend. *See* Bruno Affidavit, Exh. 12 to Response, p. 2. Plaintiff asserts that Thomas-Smith did not indicate during this meeting that he was being disciplined, or that he would be disciplined or placed on probation in the near future.

On June 24, 2004, Plaintiff filed a charge of discrimination with the EEOC. Plaintiff complained that he was being harassed and discriminated against on the basis of his race and because he had testified against Thomas-Smith in the other faculty member's lawsuit. Plaintiff faxed a copy of the charge to both Thomas-Smith and Wright.

On June 30, 2004, six days after he filed the EEOC charge, Plaintiff was placed on probation. In November 2004, Plaintiff was notified that his employment with Prairie View was being terminated effective December 31, 2004.

Plaintiff filed this lawsuit on November 18, 2005, asserting both race discrimination and retaliation. Following discovery, Defendant moved for summary

judgment. Plaintiff then abandoned his race discrimination claim and filed a Response addressing the retaliation claim. The Motion as to that remaining claim has been fully briefed and is ripe for decision.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *de la O v. Housing Authority*, 417 F.3d 495, 501 (5th Cir. 2005). The court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413, 416 (5th Cir. 2006).

### B. Retaliation Claim

Retaliation claims are analyzed under the *McDonnell Douglas*[2] burden-shifting framework. *See Hockman v. Westward Commc'ns, LLC,* 407 F.3d 317, 330 (5th Cir. 2004). To establish a *prima facie* case of retaliation, a plaintiff must present evidence

---

[2] *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973).

that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and adverse employment action. *See Turner v. Baylor Richardson Med. Ctr*., 476 F.3d 337, 348 (5th Cir. 2007).

The first element of a *prima facie* case of unlawful retaliation requires the plaintiff to show that he engaged in activity protected by Title VII. An employee engages in protected activity by either (1) opposing any unlawful employment practice under Title VII; or (2) filing a charge of discrimination or otherwise participating in any manner in a Title VII proceeding. *See Baker v. American Airlines, Inc.*, 430 F.3d 750, 755 (5th Cir. 2005). The parties in this case agree that Plaintiff engaged in protected activity under Title VII. Therefore, Plaintiff has satisfied the first element of a *prima facie* case of retaliation.

Plaintiff must also present evidence that he suffered an adverse employment action. In the retaliation context, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse." *Burlington Northern & Santa Fe Ry. Co. v. White*, __ U.S. __, 126 S. Ct. 2405, 2415 (2006); *Pryor v. Wolfe*, 196 Fed. Appx. 260, 263 (5th Cir. 2006). This requires a showing that the challenged conduct "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (internal quotations and citation omitted).

In this case, the parties agree that the termination of Plaintiff's employment was an adverse employment action. Plaintiff argues, however, that he suffered an adverse employment action on June 30, 2004, when he was placed on probation. Plaintiff, at a minimum, raises a genuine issue of material fact on this issue. Probation, particularly where it is the first step in the termination process, is an employment action that a reasonable employee would consider adverse and that could dissuade that employee from engaging in protected activity.

The third element of Plaintiff's *prima facie* case of retaliation is the existence of a causal link between the protected activity and the adverse employment action. In evaluating the "causal link" element, the Fifth Circuit focuses on three factors: "(1) the extent of the employee's disciplinary record; (2) whether the employer followed its policies and procedures in dismissing the employee; and (3) the temporal relationship between the protected action and the termination." *Bacon v. EDS*, 2007 WL 625008 *2 (5th Cir. Feb. 21, 2007) (citing *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 508 (5th Cir. 1994)).

It is undisputed that Bruno had no history of discipline prior to his probation in June 2004. He had received positive performance reviews and, while having areas that needed improvement, had not received any score below "good." In March 2004, he was awarded a 4% merit raise. Plaintiff has presented evidence that it was not until

after he complained to Wright of harassment and race discrimination, and after he testified against Thomas-Smith, that he was placed on probation and later terminated.

It is undisputed that Plaintiff was placed on probation only six days after he filed his EEOC charge. Temporal proximity between an employee's protected activity and the adverse action against him may provide the causal link required to establish a *prima facie* case of retaliation. *See Lemaire v. State of Louisiana*, __ F.3d __, 2007 WL 582702 *6 (5th Cir. 2007); *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir.1997).

Plaintiff's positive performance reviews, the absence of prior disciplinary problems, and the temporal proximity between the date he filed his EEOC charge and the date he was placed on probation raise a genuine issue of material fact that there was a causal link between the two events.

Plaintiff has established a *prima facie* case of retaliation. The burden now shifts to Defendant to articulate a legitimate, nondiscriminatory reason for the allegedly retaliatory conduct, and then back to Plaintiff to present evidence that raises a genuine issue of material fact that the proffered reasons are pretextual. *See Baker v. American Airlines, Inc.*, 430 F.3d 750, 754-55 (5th Cir. 2005). Plaintiff is required to show that he would not have suffered the adverse employment action "but for" the protected activity. *See Strong v. University Health Care Sys.*, __ F. 3d __, 2007 WL 891148 *3

(5th Cir. Mar. 26, 2007).  A factfinder may infer the ultimate fact of retaliation if they find that Defendant's "proffered explanation is false or 'unworthy of credence.'" *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003); *see also Staten v. New Palace Casino, LLC*, 187 Fed. Appx. 350, 358 (5th Cir. 2006).  "No further evidence of discriminatory animus is required because once the employer's justification has been eliminated, discrimination [or retaliation] may well be the most likely alternative explanation.'" *Id*. (quoting *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 147 (2000)).

In this case, Defendant states that Plaintiff was placed on probation based on his performance deficiencies, particularly as reflected in the results of a 2003 audit of the Prairie View library.  Plaintiff has presented evidence of pretext, thereby avoiding summary judgment.  Specifically, Plaintiff has presented evidence that his evaluations were positive until he complained of discrimination.  He has presented evidence that Wright told him specifically that any supervisor who caused Prairie View to lose an EEOC case – presumably including the supervisor's own EEOC complaint – would be terminated.  Plaintiff has presented evidence that the 2003 audit report did not mention him or any other managerial staff by name, but instead indicated problems at all levels of management.  It is undisputed that the other library senior managers were not placed on probation or otherwise counseled regarding the criticisms in the audit report.

Moreover, Plaintiff received a 4% merit increase in salary in March 2004, months after the 2003 audit report.  Finally, Plaintiff accordingly has presented evidence from which a jury could conclude that the probation itself was pretextual in that Thomas-Smith made no efforts to meet with Plaintiff to discuss his progress toward meeting his goals for improvement before his employment was terminated.

Plaintiff has presented evidence that raises a genuine issue of material fact regarding whether Defendant's proffered explanation for its decisions to place him on probation and to terminate his employment is a pretext for retaliation and that "but for" his complaints of discrimination and his EEOC charge, Plaintiff would not have suffered these adverse employment actions.  These genuine issues of material fact preclude summary judgment on Plaintiff's retaliation claim.

## III.   CONCLUSION AND ORDER

Plaintiff has presented evidence which raises a genuine issue of material fact in support of his retaliation claim.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 24] is **DENIED**.  Plaintiff's race discrimination claim is **DISMISSED AS WITHDRAWN**.

SIGNED at Houston, Texas, this **2nd** day of **April, 2007**.

_____
Nancy F. Atlas
United States District Judge